JOHN DOE, on the demise of MARY C. TWILLEY, vs. RICHARD ROE, Casual Ejector, and JOHN W. CAREY, Tenant in Possession.*

WILLS—FEE TAIL ESTATES.
   The father of plaintiff's husband devised to him all of the home farm, and provided that if he died without heirs it should go to another son, R., and plaintiff's husband, upon his father's death, took possession, and he and plaintiff executed a mortgage thereon, which was outstanding when he and plaintiff conveyed to another, who immediately reconveyed to plaintiff, and the mortgage was afterwards foreclosed, and the purchaser took possession, and plaintiff's husband afterward died leaving issue.   The present action is by plaintiff against such purchaser.   *Held*, that plaintiff could not recover on the theory that her husband took an estate tail only, which was not docked by the mortgage.

(<em>April</em> 17, 1907.)

Judges SPRUANCE and BOYCE sitting.
*George N. Davis* for plaintiff.
*Charles W. Cullen* and *Henry Ridgely* for defendant.

Superior Court, Sussex County, April Term, 1907.

ACTION OF EJECTMENT (No. 24, October Term, 1906).
Case stated;  filed April sixteenth, 1907.
The agreed facts are substantially as follows:
James Twilley, father of James E. Twilley, who intermarried with Mary C. Twilley, the plaintiff in this action, departed this

---

*This case, though not recent, is considered of sufficient importance to include in this report.

life about the year 1864, seized in his *demesne* as of fee of certain lands known as the "Home Farm", for the recovery of which this action was brought, having first made and published his last will and testament, which, after his death, was duly admitted to probate by the Register of Wills for Sussex County, by which he devised the said lands in words following:—"I give and bequeath to my son, James E. Twilley, all of the Home Farm containing one hundred and twenty-five acres, more or less, also the tract of land known by the name of Friendship, containing eighty-two acres—and if my son, James E. Twilley, should die without any heirs, the Home Farm to go to my son, Robert C. Twilley, and the tract known by the name of Friendship to my daughter, Emeline P. Collins"; that James E. Twilley, the devisee, upon the death of his father, entered into the possession of the said "Home Farm"; and, on the twelfth day of December, 1881, he and his wife, the said plaintiff, executed their Indenture of Mortgage for said Home Farm to Daniel Hearn, which mortgage after sundry assignments was assigned to William T. Records; that while said mortgage was outstanding against said farm and unpaid, to wit, on the ninth day of January, 1891, the said James E. Twilley, in his lifetime and the said Mary C. Twilley, his wife, by their deed conveyed said farm to Joshua H. Marvil, who on the tenth day of February, 1892, by his deed, conveyed the same to the said Mary C. Twilley; that under foreclosure proceedings of said mortgage, the then sheriff of Sussex County sold said farm on the third day of February, 1894, to George S. and William R. Twilley, which sale being duly confirmed, the said sheriff executed his deed for said lands to the said purchasers thereof, on the twentieth day of November, 1894; that thereupon the said George S. Twilley, the real defendant in this action, entered into possession of the said farm, and has since that time continued in possession thereof; the said William R. Twilley and his wife conveyed his one-half interest in said farm to the said George S. Twilley, on the twenty-fifth day of June, 1898; that the said James E. Twilley departed this life on the fourth day of February, 1904, leaving the plaintiff, his widow, and lawful issue to survive him, he having remained in possession of said farm until the execution of said

deed from the said sheriff; and that said will, deeds, mortgage and foreclosure proceedings including all writs, etc., shall be taken and considered as if set out in full, etc.

### BRIEF OF PLAINTIFF.

1. Under the devise of James Twilley, deceased, James E. Twilley took an estate tail in the Home Farm. *McColley v. Lampleugh*, 3 *Houst.* 461; *Waples v. Harmon*, 1 *Harr.* 223; *Blaxton v. Stone*, 3 *Mod.* 123; *Webb v. Herring*, Cro. *jac.* 415; *Law v. Davis*, 2 *Stra.* 849; *Pickering, et al., v. Towers, et al.*, Amb. 363; *Bodens v. Lord Galway*, 2 *Ed.* 297; *Eagle v. Funnell*, *Willes* 164; *Goodridge v. Goodridge*, *Willes* 369; *Nottingham v. Jennings*, 1 *P. W.* 23.

When, by one clause in a will, an estate for life or an estate in fee is given by plain words, if it appear in other parts of the will, by explanatory words or by implication, that it was the intent of the testator in such devise that the issue of the devisee should take the estate in succession after him, then the life estate is enlarged in the one case, and the estate in fee is reduced in the other, to an estate tail. *Nightingale v. Buttell*, 15 *Pick.* 104; *McColley v. Lampleugh, et al.*, 3 *Houst.* 461.

An express devise to a person for life may be enlarged by subsequent words, or by a necessary implication into an estate tail. *Cruise's Dig. Tit.* 38, *Ch.* 12, *Sec.* 46.

2. James E. Twilley had but an estate tail in the Home Farm when he gave the mortgage thereon.

The entail was not docked by this mortgage.

The mortgagee takes by the mortgage no title to the land, but merely a lien upon it, which upon his dying intestate, passes, not to his heir-at-law, but to his executor or administrator. *Seals v. Chadwick*, 2 *Penn.* 381; *Fox v. Wharton*, 5 *Del. Ch.* 200; *Cooch's Lessee v. Gerry*, 3 *Harr.* 280.

3. By the deed of James E. Twilley and wife to Joshua H. Marvil, the estate tail of James E. Twilley was barred and Joshua H. Marvil took a fee simple title in the Home Farm subject only to the mortgage thereon which was a lien only on the interest which James E. Twilley had therein at the time of the execution

of said mortgage.   So by the deed of Joshua H. Marvil to Mary C. Twilley, the latter acquired  the fee simple estate in the Home Farm subject to the same conditions. *Section 27, Chapter* 83, *Revised Code* 631.

4.   By the sheriff's sale and deed, George S. Twilley and William R. Twilley, the purchasers thereat, acquired only the interest of James E. Twilley in the Home Farm mortgaged by him, which interest terminated at his death.   *Hollett's Lessee v. Pope, et al.*, 3 *Harr.* 542 (545); § 59, *Chapter* 111, *Revised Code* 844.

At the death of James E. Twilley, the absolute fee simple, estate in said Home Farm, freed from all adverse interests, acquired by virtue of said mortgage and sale thereunder, vested in Mary C. Twilley, who now has the right of property therein, and is entitled to the possession thereof.

### BRIEF OF DEFENDANT.

1.   That the execution of the mortgage by James E. Twilley whereby he pledged an estate in fee simple, estopped him from doing any act which would destroy the mortgage as a lien upon an estate in fee simple.

2.   That the estoppel of the mortgagor bound his grantee and all persons claiming under him.

3.   That as against the mortgagor and his privies, the judicial sale with the sheriff's deed, vested in the purchasers a fee simple estate in the lands in question.

4.   The statement in the deed of Marvil to Mary C. Twilley that the same was subject to the mortgage against the land, worked an estoppel against both to deny the lien of said mortgage according to its terms and legal tenor.

While a mortgage in this state is merely a security for a debt, yet its object and effect is to pledge as security such estate in the lands as is defined or limited by the terms of the mortgage.   It is in effect a covenant running with the land and binding upon the mortgagor and his privies; that as well the real property mentioned as also the estate defined, shall be the fund for the payment of the debt.   *Section 59, Revised Code* 844.

It is manifest from the language of the statute the estate or

interest in the property sold, is the estate or interest defined in the mortgage under which the sale is made. It is not simply the estate or interest which the mortgagor had that is transferred by the sale. We are not of course considering the question with respect to strangers claiming adversely to the mortgagor. The parties to this proceeding are privies in the estate to the mortgagor and can, of course, have no better rights than he himself would have had.

Said *Section* 59 settles the question that the purchaser at the sale took an estate in fee simple in the lands and tenements as against the mortgagor and his privies.

In *Seals v. Chadwick*, 2 *Penn.* 381, it was decided that the mortgagor was the only necessary party to a *sci. fa.* on a mortgage and that terre tenants need not be joined therein.

A party to a sealed instrument is estopped from denying its terms. *Doe. d. Potts v. Dowdall*, 3 *Houst.* 369.

The estoppel binds the privies of parties to a declaration under seal as well as the parties themselves. *Ibid* 379; *Inskeep v. Shields*, 4 *Harr.* 345; *Jefferson v. Howell*, 1 *Houst.* 178.

In *Todd v. Pratt*, 1 *H. & M. (Md.)* 465, the court held that a tenant in tail could mortgage his estate and that this would bar the entail and estop his heirs from claiming the estate discharged of the mortgage upon his death.

The Maryland statute authorizing the barring of an entail was substantially similar to the Delaware law. *Dorsey's Laws of Md. Vol.* 1, *Chap.* 23, *p.* 181.

In *Orr v. Stewart*, 67 *Cal.* 275, it was held:—A mortgagor must continue to be estopped by the terms of the mortgage debt itself, to deny that the estate was other or less than an estate in fee in the premises. These terms, importing a conveyance of the fee, are equivalent to a covenant of general warranty of title running with the lands.

In California a mortgage is merely a security for a debt. *Goodenew v. Ever.*, 16 *Cal.* 461.

In *Draper v. Draper*, 5 *Harr.* 358, it was held that on execution under a judgment the whole estate of a tenant in tail as well that in possession as that in remainder could be seized and sold.

In *Stewart v. Anderson*, 10 *Ala.* 504, the court held that a mortgage in fee estopped the mortgagor from denying its lien upon an after acquired estate.

In *Danforth v. Murray*, 12 *Johnson Rep.* 201, the court held that a deed worked an estoppel both as against the grantor and his privies.

*Per Curiam*:—The concluding paragraph of the case stated is:—"If the Court shall be of opinion that the plaintiff is entitled to recover the premises in question, mentioned in the demise laid in her declaration, then judgment shall be entered for her, but if not, judgment shall be entered for the defendant."

The court is clearly of the opinion that, under the facts and questions of law presented, judgment should be entered for the defendant, which is accordingly done.

And now, to wit, this seventeenth day of April, A. D. 1907, this cause having been heard, and the court being of the opinion that the plaintiff is not entitled to recover the premises in question, mentioned in the demise laid in her declaration, judgment is hereby entered for the defendant.

(Signed by the court.)